UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL HAIRSTON,

        Plaintiff,

v.                                                ACTION NO. 2:18cv619

WAL-MART STORES EAST, LP,

        Defendant.

## **ORDER**

In this action, *pro se* Plaintiff seeks to recover monetary damages for injuries that he allegedly suffered while he was shopping at Defendant's store. Am. Compl. at 1–2, ECF No. 13. The parties participated in a settlement conference with United States Magistrate Judge Robert J. Krask. Order at 1, ECF No. 28. The parties were unable to reach a settlement at that time, but the parties continued to engage in informal settlement discussions. R. & R. at 2, ECF No. 45.

This action was scheduled initially for a jury trial on May 5, 2020. By Order dated April 6, 2020, the Court struck the trial date and all related deadlines and ordered the parties to file any dispositive motions within thirty days. Order, ECF No. 34. Defendant subsequently filed a Motion to Enforce Settlement, in which it asked the Court to "enforce an agreed settlement" between the parties. Mot. Enforce Settlement at 1, ECF No. 35.

After a remote hearing, United States Magistrate Judge Lawrence R. Leonard recommended that Defendant's motion be denied. Order at 1–2, ECF No. 42; R. & R.

at 1–7. This Court adopted the findings and recommendations set forth in United States Magistrate Judge Leonard's Report and Recommendation and denied Defendant's Motion to Enforce Settlement. Order at 1–2, ECF No. 46. In the Order, the Court directed the parties to file any other intended dispositive motions within thirty days. *Id*. at 2.

Neither party filed a dispositive motion. As a result, the Court issued an Order on April 7, 2021, which stated:

> Prior to scheduling this case for trial, the parties are **ORDERED** to notify the Court, in writing and within fourteen days, whether they wish to participate in further settlement discussions before a United States Magistrate Judge of this Court. After receipt and review of the parties' written submissions, the Court will provide further guidance regarding scheduling issues, as necessary.

Order at 2, ECF No. 47 (footnote omitted).[1]

Defendant complied and timely filed a Notice Regarding Settlement Conference ("Notice"). Defendant indicated that it "is in agreement to a second settlement conference." Notice at 1, ECF No. 48. Plaintiff failed to comply with the Court's directive and did not respond to the Court's Order.[2]

In consideration of (i) Defendant's willingness to participate in further settlement discussions; (ii) the significant delays regarding the scheduling of civil jury trials being imposed currently because of the COVID-19 pandemic; and (iii)

---

[1] In its April 7, 2021 Order, the Court also advised the parties that if they still wished to file a dispositive motion, they were free to request an extension of the Court's previously imposed deadline. Order at 2 n.1, ECF No. 47

[2] In an effort to assist the Court, Defendant shared that Plaintiff advised Defendant's counsel via text message that "he does not wish to proceed with a settlement conference." Notice at 1, ECF No. 48.

2

Plaintiff's failure to respond formally as directed to do so by the Court, further settlement negotiations will be required prior to scheduling this case for trial.

Accordingly, the parties are **ORDERED** to confer with each other regarding available dates for a settlement conference. Defense counsel is requested to contact the Court clerk at 757-222-7222 within fourteen days from the date of entry of this Order to schedule a settlement conference before United States Magistrate Judge Robert J. Krask. The settlement conference must commence within sixty days from the date of entry of this Order.

The Clerk is **DIRECTED** to please send a copy of this Order to Plaintiff Michael Hairston and counsel for Defendant.

IT IS SO **ORDERED**.

/s/
Arenda L. Wright Allen
United States District Judge

July 22, 2021
Norfolk, Virginia